IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

**ZERA LOLA ZOMBIE**,                                    3:21-cv-01338-AA

               Plaintiff,                       **OPINION & ORDER**

     v.

**STATE OF OREGON, et al.,**

               Defendants.

_____

AIKEN, District Judge.

      This case comes before the Court on a Motion for Temporary Restraining Order ("TRO") and Preliminary Injunction, ECF No. 26. Having reviewed and considered the Complaint, Plaintiff's motion, and supporting documents, the Court finds that a TRO is necessary to prevent the irreparable injury alleged in the motion and shown in the supporting exhibits. Accordingly, Plaintiff's Motion for a Temporary Restraining Order, ECF No. 26, is GRANTED in part and DENIED in part.

## STANDARDS

The court may issue a temporary restraining order without notice to the adverse party only if the movant presents specific facts clearly showing that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition and the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required. FED. R. CIV. P. 65.  The standards for issuing a temporary restraining order are similar to those required for a preliminary injunction. *Betschart v. Garrett*, No. 3:23-CV-01097-CL, 2023 WL 5288098, at *3 (D. Or. Aug. 17, 2023).  A party seeking a preliminary injunction must establish (1) that it is likely to succeed on the merits, (2) that it is likely to suffer irreparable harm in the absence of preliminary relief, (3) that the balance of equities tips in its favor, and that (4) an injunction is in the public interest. *Winter v. Natural Resources Defense Council, Inc.*, 129 S. Ct. 365, 374 (2008).

The Ninth Circuit also employs a "serious questions" test which dictates that "serious questions going to the merits and a hardship balance that tips sharply toward the plaintiff can support issuance of an injunction, assuming the other two elements of the Winter test are also met." *All For The Wild Rockies v. Cottrell*, 632 F.3d 1127, 1131-32 (9th Cir. 2011).  Thus, under the serious questions test, a preliminary injunction can be granted if there is a likelihood of irreparable injury to the plaintiff, serious questions going to the merits, the balance of hardships tips in favor of the plaintiff, and the injunction is in the public interest. *M. R. v. Dreyfus*,

697 F.3d 706, 725 (9th Cir. 2012). The court's decision on a motion for a temporary restraining order or a preliminary injunction is not a ruling on the merits. *See Sierra On–Line, Inc. v. Phoenix Software, Inc.*, 739 F.2d 1415, 1422 (9th Cir. 1984).

## BACKGROUND

Based on the evidence presented thus far, and subject to revision after a hearing on plaintiff's motion for preliminary injunction, the Court finds the following facts are more likely true than not:

Plaintiff is a transgender female inmate in the custody of the Oregon Department of Corrections. Plaintiff filed her Complaint on September 10, 2021. ECF No. 1. In her Complaint, plaintiff brought claims under 42 U.S.C. § 1983 against the named defendants for (1) discriminating against plaintiff on the basis of her gender and gender identity; (2) housing plaintiff, a female, in a men's prison; (3) failing to follow both federal and Oregon rules and laws concerning the designation and protection of plaintiff as a Vulnerable Adult-In-Custody ("AIC") at high risk for both physical and sexual assault; (4) assigning plaintiff to share a cell with a known sexual predator serving an approximately 40-year sentence for violent sex crimes against women, and failing to respond to plaintiff's complaints of frequent physical and sexual assaults by her cellmate; (5) failing to provide legally-mandated counseling and Prison Rape Elimination Act (PREA) protections; and (6) failing to follow federal and Oregon laws regarding sexual assault reporting and investigations and thereby subjecting plaintiff to retaliation and further harm. ECF No. 1 ¶ 1. Plaintiff further brought a state negligence action against ODOC. *Id.* at 16.

Based on the exhibits and declarations filed with plaintiff's motion, the Court finds that it is more likely than not that plaintiff has been repeatedly subjected to abuse, including sexual assault, by male inmates with whom she is housed.

Plaintiff filed this case for repeated violent sexual assaults by her previous cellmate at Oregon State Penitentiary (OSP), a known predatory sex offender. *After* plaintiff filed this case, she was recently repeatedly sexually assaulted and raped by her cellmate at Two Rivers Correctional Institution (TRCI), who is serving an a 10-year sentence for five counts of First Degree Sexual Abuse. *See* Multnomah County case number 20CR41414.

Plaintiff has repeatedly communicated her concerns about the likelihood of sexual assault and the actual occurrence of sexual assault to prison officials through appropriate channels. Plaintiff states that she was not offered counseling after being raped by her cellmate, contravening the PREA. Plaintiff's Two Rivers cellmate, who raped her, was moved to a different cell, but the prison assigned plaintiff and the cellmate the same meal and medication time, despite plaintiff's request to have her meal and medication at a different time.

## DISCUSSION

### I.    Likelihood of Success on the Merits

The Eighth Amendment imposes certain duties on prison or jail officials holding persons pursuant to a sentence: (1) to provide humane conditions of confinement; (2) to ensure that inmates receive adequate food, clothing, shelter and medical care; and (3) to "take reasonable measures to guarantee the safety of the

inmates." *Farmer v. Brennan*, 511 U.S. 825, 832 (1994) (citing *Hudson v. Palmer*, 468 U.S. 517, 526-27 (1994)).

An Eighth Amendment claim must satisfy both an objective and a subjective component. *Id.* at 834. Thus, a prison official may be held liable under the Eighth Amendment for acting with "deliberate indifference" to inmate health or safety only if he knows that inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it. *Farmer,* 511 U.S. at 837.

Reasonable safety includes safety from sexual assault by other inmates. See *Farmer*, 511 U.S. at 847 (holding prison officials may be liable under Eighth Amendment where they failed to protect "transsexual" inmate from sexual assault in prison); *see also Bishop v. Hackel*, 636 F.3d 757, 766-67 (6th Cir. 2011); *Nelson v. Shuffman*, 603 F.3d 439, 447-48 (8th Cir. 2010) (holding evidence that plaintiff was assigned to a room with a prisoner with history of serious sexual and physical misconduct, who assaulted him, supported a deliberate indifference claim); *Johnson v. Johnson*, 385 F.3d 503, 527-30 (5th Cir. 2004) (holding allegation that classification officials, informed of repeated rapes of plaintiff, took no action and told him to "learn to f*** or fight" stated an Eighth Amendment claim).

Here, on the record presently before the Court, there are strong indicators stacking the scale in favor of the high likelihood that plaintiff, a vulnerable inmate, would be sexually assaulted by cellmates with known histories of perpetrating sexual abuse and predation. Defendants knew, by virtue of this lawsuit, that plaintiff had been sexually assaulted by a cellmate convicted of sexual abuse at OSP. Also, that

plaintiff, through proper prison communication channels, had repeatedly disclosed her concerns that she would be sexually assaulted and that she had been sexually assaulted on several occasions at Two Rivers. Defendants nevertheless housed plaintiff with an inmate convicted of sex crimes. Plaintiff has demonstrated a high likelihood of success on the merits of her Eighth Amendment claim.

## II.    Irreparable Harm

On the record before the Court, plaintiff has demonstrated immediate injunctive relief from this court is necessary to prevent ongoing and likely future harm to plaintiff. Plaintiffs seeking a TRO or preliminary injunction must establish that they are "likely to suffer irreparable harm in the absence of preliminary relief." *Winter*, 518 F.3d 658 at 677. Plaintiff has repeatedly been housed in cells where she is at high risk of being sexually assaulted by her cellmate. On this record, it is not at all clear that, without the Court's intervention, defendants will refrain from placing plaintiff in a cell with an inmate known to be a sex offender, or that defendants will designate plaintiff as a vulnerable inmate. Plaintiff need not await another assault before obtaining preventative relief.

## III.    Balance of Hardship

Given that plaintiff has demonstrated serious questions on the merits and has shown that she faces an ongoing irreparable injury and demonstrated that she may suffer a severe assault if she is again placed with another inmate in her cell. Therefore, the balance of equities tips in her favor. Because plaintiff is currently occupying a cell on her own, the TRO would simply maintain the status quo and

reduce the risk to plaintiff's safety. *See Univ. of Texas v. Camenisch*, 451 U.S. 390, 395 (1981) ("The purpose of a preliminary injunction is merely to preserve the relative positions of the parties until a trial on the merits can be held.").

## IV.    Public Interest

The public interest analysis for the issuance of a preliminary injunction requires the Court to consider whether there exists some critical public interest that would be injured by the grant of preliminary relief. *All. for the Wild Rockies*, 632 F.3d at 1138.  The public has an interest in protecting inmates' Eighth Amendment right to be free from deliberate indifference to their safety.  "[I]t is always in the public interest to prevent the violation of a party's constitutional rights."  *Melendres v. Arpaio*, 695 F.3d 990, 1002 (9th Cir. 2012).

TEMPORARY RESTRAINING ORDER

IT IS ORDERED that Plaintiff's Motion for Temporary Restraining Order, ECF No. 26, is GRANTED as follows:

1. Defendants shall designate plaintiff a vulnerable person under ODOC rules;

2. Defendants are enjoined from housing plaintiff in a cell with another cellmate.

3. Defendants are enjoined from housing plaintiff in a cell where she can be viewed while nude by male inmates and staff;

4. Defendants are enjoined from housing plaintiff on a unit and in a manner which force her to shower and dress exposed to male inmates or staff;

5. Defendants are enjoined from assigning plaintiff meal and medication times where she will be forced to encounter or interact with former cellmates who have previously sexually assaulted her.

At this stage of the case, without further factual development and opportunity for defendants to propose practical solutions aimed at remedying the serious issues described above, plaintiff's other requested relief is DENIED: The Court denies plaintiff's request to be housed at Coffee Creek Correctional Facility; denies plaintiff's request to order defendants to implement procedures effecting similarly situated inmates; and denies plaintiff's request to house plaintiff on a unit with no predatory sex offenders or adults in custody with a history of sexual abuse. Such relief may be ordered following a preliminary injunction hearing.

On FRIDAY, SEPTEMBER 15 at 10:00 AM, the parties are directed to appear at a telephonic preliminary injunction hearing to determine whether this injunction should continue. Defendants shall be prepared to discuss each of plaintiff's requested forms of relief, including the denied relief, and propose practical solutions aimed at remedying the serious problems outlined above.

It is so ORDERED and DATED this _8th_ day of September 2023.


 _/s/Ann Aiken_____
ANN AIKEN
United States District Judge