IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

**ZERA LOLA ZOMBIE**,

   Plaintiff,

  v.

**STATE OF OREGON, et al.**,

   Defendants.

3:21-cv-01338-AA
**OPINION & ORDER**

_____

AIKEN, District Judge.

  This case comes before the Court on a Motion for Temporary Restraining Order ("TRO") and Preliminary Injunction, ECF No. 26. On September 8, 2023, the Court granted in part and denied in part Plaintiff's Motion for Temporary Restraining Order. ECF No. 29. On September 15, 2023, the Court held an expedited hearing in accordance with Fed. R. Civ. Pro. 65(b)(3). To provide time for Defendants to respond and for additional discovery, the parties agreed, on the record, to extend the TRO through September 29, 2023. The TRO expires today. The Court has reviewed the

parties' briefing, declarations, and exhibits. ECF Nos. 34, 35, 38, and 39. The Court finds that a preliminary injunction is necessary to prevent the irreparable injury alleged in Plaintiff's motion and shown in the supporting documents. Accordingly, Plaintiff's Motion for a Preliminary Injunction, ECF No. 26, is GRANTED in part and DENIED in part.

## STANDARDS

A preliminary injunction is an "extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 22 (2008). A plaintiff seeking a preliminary injunction must show (1) that he or she is likely to succeed on the merits; (2) he or she is likely to suffer irreparable harm in the absence of preliminary relief; (3) the balance of the equities tips in his or her favor; and (4) an injunction is in the public interest. *Id*. at 20.

In the Ninth Circuit, courts may apply an alternative "serious questions" test which allows for a preliminary injunction when a plaintiff shows that "serious questions going to the merits" were raised and the balance of hardships tips sharply in the plaintiff's favor, assuming the other two elements of the *Winter* test are met. *All. for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1131-32 (9th Cir. 2011). This formulation applies a sliding scale approach where a stronger showing on one element may offset a weaker showing in another element. *Id*. at 1131. Still the party requesting a preliminary injunction must carry its burden of persuasion by a "clear

showing" of the four elements set forth above. *Lopez v. Brewer*, 680 F.3d 1068, 1072 (9th Cir. 2012).

## BACKGROUND

Based on the evidence presented, the Court finds these facts are more likely true than not:

Plaintiff is a transgender female inmate in the custody of the Oregon Department of Corrections. Plaintiff filed her Complaint on September 10, 2021. ECF No. 1. In her Complaint, Plaintiff brought claims under 42 U.S.C. § 1983 against the named Defendants for (1) discriminating against Plaintiff on the basis of her gender and gender identity; (2) housing Plaintiff, a female, in a men's prison; (3) failing to follow both federal and Oregon rules and laws concerning the designation and protection of Plaintiff as a Vulnerable Adult-In-Custody ("AIC") at high risk for both physical and sexual assault; (4) assigning Plaintiff to share a cell with a known sexual predator serving an approximately 40-year sentence for violent sex crimes against women, and failing to respond to Plaintiff's complaints of frequent physical and sexual assaults by her cellmate; (5) failing to provide legally-mandated counseling and Prison Rape Elimination Act (PREA) protections; and (6) failing to follow federal and Oregon laws regarding sexual assault reporting and investigations and thereby subjecting Plaintiff to retaliation and further harm. ECF No. 1 ¶ 1.

Based on the exhibits and declarations, the Court finds that it is more likely than not that Plaintiff has been repeatedly subjected to abuse, including sexual assault, by male inmates with whom she is housed.

Plaintiff filed this case for repeated violent sexual assaults by her previous cellmate at Oregon State Penitentiary (OSP), a known predatory sex offender. *After* Plaintiff filed this case, she was recently repeatedly sexually assaulted and raped by her cellmate at Two Rivers Correctional Institution (TRCI), who is serving an a 10-year sentence for five counts of First Degree Sexual Abuse. *See* Multnomah County case number 20CR41414.

Plaintiff has repeatedly communicated her concerns about the likelihood of sexual assault and the actual occurrence of sexual assault to prison officials through appropriate channels. Plaintiff states that she was not offered counseling after being raped by her cellmate, contravening the PREA. Plaintiff's Two Rivers cellmate, who raped her, was moved to a different cell around the time Plaintiff filed her request for TRO, but the prison assigned Plaintiff and the cellmate the same meal and medication time, despite Plaintiff's request to have her meal and medication at a different time.

## DISCUSSION

### I. Likelihood of Success on the Merits

The Eighth Amendment imposes certain duties on prison or jail officials holding persons pursuant to a sentence: (1) to provide humane conditions of confinement; (2) to ensure that inmates receive adequate food, clothing, shelter, and medical care; and (3) to "take reasonable measures to guarantee the safety of the inmates." *Farmer v. Brennan*, 511 U.S. 825, 832 (1994) (citing *Hudson v. Palmer*, 468 U.S. 517, 526-27 (1994)).

An Eighth Amendment claim must satisfy both an objective and a subjective component. *Id*. at 834. Thus, a prison official may be held liable under the Eighth Amendment for acting with "deliberate indifference" to inmate health or safety only if he knows that inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it. *Farmer,* 511 U.S. at 837.

Reasonable safety includes safety from sexual assault by other inmates. See *Farmer*, 511 U.S. at 847 (holding prison officials may be liable under Eighth Amendment where they failed to protect "transsexual" inmate from sexual assault in prison); *see also Bishop v. Hackel*, 636 F.3d 757, 766-67 (6th Cir. 2011); *Nelson v. Shuffman*, 603 F.3d 439, 447-48 (8th Cir. 2010) (holding evidence that the plaintiff was assigned to a room with a prisoner with history of serious sexual and physical misconduct, who assaulted him, supported a deliberate indifference claim); *Johnson v. Johnson*, 385 F.3d 503, 527-30 (5th Cir. 2004) (holding allegation that classification officials, informed of repeated rapes of the plaintiff, took no action and told him to "learn to f*** or fight" stated an Eighth Amendment claim).

Here, on the record presently before the Court, there are strong indicators stacking the scale in favor of the high likelihood that plaintiff, a vulnerable inmate, would be sexually assaulted by cellmates with known histories of perpetrating sexual abuse and predation. Defendants knew, because of this lawsuit, that plaintiff had been sexually assaulted by a cellmate convicted of sexual abuse at OSP. Also, that plaintiff, through proper prison communication channels, had repeatedly disclosed her concerns that she would be sexually assaulted and that she had been sexually

assaulted several times at Two Rivers. Defendants still housed plaintiff with an inmate convicted of sex crimes. Plaintiff has shown a high likelihood of success on the merits of her Eighth Amendment claim.

In their response to Plaintiff's motion, Defendants claim that the named Defendants cannot control Plaintiff's PREA designations or conditions of confinement. Resp. at 9-10. Defendants devote legal argument to addressing whether the Oregon Department of Corrections ("ODOC") is a proper party, asserting that it is not, and that it is immune to suit. *Id*. at 10.

First, at this stage in the litigation, it remains to be determined whether all individually named Defendants are liable for the unlawful conduct alleged in Plaintiff's Complaint, and such can be discovered and briefed in subsequent dispositive motions. The evidence before the Court is that the named parties the superintendent, have control over Plaintiff's PREA designations or conditions of confinement, based on the steps Defendants allege to have taken that comport with the terms of the TRO. Second, Plaintiff has not named ODOC as a party to this suit. Defendants' arguments that ODOC's is immune from suit do not apply here.

Defendants also respond it would be improper for the Court to order relief with broad applicability to similarly situated AIC's is well taken. *See* U.S.C. § 3626(a)(1)(A) (stating prospective relief for prison conditions must extend no further than necessary to correct the violation of the Federal right of a particular plaintiff.).

## II.     Irreparable Harm

Plaintiff has established immediate injunctive relief from this court is necessary to prevent ongoing and likely future harm to plaintiff. Plaintiffs seeking a TRO or preliminary injunction must establish that they are "likely to suffer irreparable harm in the absence of preliminary relief." *Winter*, 518 F.3d 658 at 677. Plaintiff has repeatedly been housed in cells where she is at high risk of being sexually assaulted by her cellmate. On this record, it is not at all clear that, without the Court's intervention, Defendants will refrain from placing Plaintiff in a cell with an inmate known to be a sex offender, or that Defendants will continue to designate plaintiff as a vulnerable inmate.

According to Defendants, because Defendants have in their view complied with the Court's TRO, and "will continue to do so," (Resp. at 3), there is no need for a preliminary injunction. However, the evidence shows is that absent a court order, despite knowing about Plaintiff's predicament for a long time, Defendants complied with the Constitutional requirements only after this lawsuit was filed, and even then, after the Court intervened by granting Plaintiff's request for TRO. It also appears that correctional staff were instructed to remove a privacy barrier another correctional staffer had placed in Plaintiff's cell after the TRO was entered.

Last, Defendants state that currently "Plaintiff has a single cell status (which she also had before the Court ordered it, and which she will keep at least as long as this suit is pending if not longer)[.]" Resp. at 11. From stating that Plaintiff "has a single cell status" Defendants have fallen short of stating that they will not place

Page 7 –OPINION & ORDER

another inmate in plaintiff's cell nor have they offered any evidence about what single cell status means. This appears to just mean she is in a single cell currently.

## III. Balance of Hardship

Given that Plaintiff has demonstrated serious questions on the merits and has shown that she faces an ongoing irreparable injury and demonstrated that she may suffer a severe assault if she is again placed with another inmate in her cell. Therefore, the balance of equities tips in her favor. Because plaintiff is now occupying a cell on her own, entering a Preliminary Injunction would simply maintain the status quo and reduce the risk to Plaintiff's safety. *See Univ. of Texas v. Camenisch*, 451 U.S. 390, 395 (1981) ("The purpose of a preliminary injunction is merely to preserve the relative positions of the parties until a trial on the merits can be held.").

## IV. Public Interest

The public interest analysis for the issuance of a preliminary injunction requires the Court to consider whether there is some critical public interest that would be injured by the grant of preliminary relief. *All. for the Wild Rockies*, 632 F.3d at 1138. The public has an interest in protecting inmates' Eighth Amendment right to be free from deliberate indifference to their safety. "[I]t is always in the public interest to prevent the violation of a party's constitutional rights." *Melendres v. Arpaio*, 695 F.3d 990, 1002 (9th Cir. 2012).

## PRELIMINARY INJUNCTION

IT IS ORDERED that Plaintiff's Motion for Preliminary Injunction, ECF No. 26, is GRANTED as follows:

1. Defendants shall designate and continue to designate Plaintiff a vulnerable person under its rules;

2. Defendants are enjoined from housing Plaintiff in a cell with another cellmate.

3. Defendants are enjoined from housing Plaintiff in a cell where she can be viewed while nude by male inmates and staff;

4. Defendants are enjoined from housing Plaintiff on a unit and in a manner which force her to shower and dress exposed to male inmates or staff;

5. Defendants are enjoined from assigning Plaintiff meal and medication times where she will be forced to encounter or interact with former cellmates who have previously assaulted her.

At this stage of the case, without further factual development, discovery, dispositive motion briefing, Plaintiff's other requested relief is DENIED:

The Court denies without prejudice and with leave to renew Plaintiff's request to be housed at Coffee Creek Correctional Facility; denies Plaintiff's request to order Defendants to implement procedures effecting similarly situated inmates; and denies Plaintiff's request to house Plaintiff on a unit with no predatory sex offenders or adults in custody with a history of sexual abuse.

## CONCLUSION

Plaintiff's Motion for Preliminary Injunction, ECF No. 26, is GRANTED in part and DENIED in part in accordance with the terms stated above. The parties are directed to contact the Court to set a Telephonic Status Conference to determine next steps in this case.

It is so ORDERED and DATED this __30th__ day of September 2023.


                                         /s/Ann Aiken
                                         ANN AIKEN
                                         United States District Judge