DAN RAYFIELD
JESSICA B. SPOONER  #105919
DYLAN J. HALLMAN #173679
KRISTIN WINGES-YANEZ #065520
Senior Assistant Attorneys General
Department of Justice
1162 Court Street NE
Salem, OR 97301-4096
Telephone: (503) 947-4700
Fax: (503) 947-4791
Email: Jessica.B.Spooner@doj.oregon.gov
        Dylan.Hallman@doj.oregon.gov
        Kristin.Winges-Yanez@doj.oregon.gov

Attorneys for State Defendants Adams, Adamson, Alves, Archer, Arevalo, Barth, Borden, Boston, Breyman, Campos, Dean, Hazen, Herron, Highberger, Holmes, Kelly, Kennedy, Moon, Morby, Newell, Olsen, Parker, Reyes, Rhoades, Snyder, State of Oregon, Steffey, Swart, Terry, Tooley, Trott, Tryon, Washburn, and Williams

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| ZERA LOLA ZOMBIE,<br><br>    Plaintiff,<br><br>    v.<br><br>STATE OF OREGON, et al.,<br><br>    Defendants. | Case No.  3:21-cv-01338-AA<br><br>STATE DEFENDANTS' UNOPPOSED MOTION FOR PARTIAL SUMMARY JUDGMENT |

**LR 7-1 CONFERRAL CERTIFICATION**

As per LR 7-1, counsel for State Defendants conferred by telephone with Plaintiff's counsel, who do not oppose this motion. Declaration of Kristin Winges-Yanez in Support of Defendants' Unopposed Motion for Partial Summary Judgment ("Winges-Yanez Decl."), at ¶ 3.

Page 1 -  STATE DEFENDANTS' UNOPPOSED MOTION FOR PARTIAL SUMMARY
        JUDGMENT
        J9S/a4s/1000732886

## MOTION FOR PARTIAL SUMMARY JUDGMENT

Plaintiff Z.Z. is an Adult in Custody ("AIC") with the Oregon Department of Corrections ("ODOC"). Her First Amended Complaint brings six claims for relief against State Defendants. First Amended Complaint (ECF No. 55) ("Amd. Compl."). First, she alleges that Defendants Highberger, Kelly, Barth, Borden, Alves, Williams, Newell, Parker, Tryon, Breyman, Reyes, Boston, Trott, Steffey, Morby, Holmes, Erickson, Swart, Kennedy, Adams, Terry, Washburn, Herron, Moon, John Does -6 and John Does 8-11 violated her 14th Amendment rights regarding Equal Protection. (Amd. Compl. p. 33.) Second, she alleges that Defendants Highberger, Kelley, Reyes, Adamson, Tooley, Snyder, Breyman, Herron, Swart, Kennedy, Adams, Olson, Holmes, Campos, Archer, Dean, Arevalo, Morby, Steffey, Trott, Erickson, Moon, John Does 2-6, and John Does 8-11 violated her Eighth Amendment right to be free from cruel and unusual punishment by failing to protect her. Amd. Compl. at 36. Third, she alleges that Defendants ODOC, Kelly, Reyes, Adamson, Tooley, Rhoades, and Doe 7 violated her rights under the Eighth Amendment right to medical care. Amd. Compl. at 39. Fourth, she alleges that Defendants ODOC, Reyes, Kennedy, Campos, Adams, Washburn, Terry, Herron, Archer, Morby, Erickson, Homes, Steffey, Trott, Hazen, Moon, and John Does 9-11 violated her rights under the First Amendment by retaliating against her for "filing grievances and invoking legal rights." (Amd. Compl. at 41). Fifth, she alleges that ODOC acted with negligence towards her, and lastly, she alleges that ODOC intentionally inflicted emotional distress. (Amd. Compl. pp. 44, 46).

Pursuant to Fed. R. Civ. P. 56, State Defendants respectfully move this Court for an Order granting partial summary judgment on the following grounds: (1) ODOC should be dismissed from Counts Three and Four as it is not a proper party to a claim brought under 42 U.S.C. §1983; (2) Defendants Highberger, Kelly, Reyes, and Rhoades should be dismissed for lack of personal involvement in the alleged deprivations; and (3) The Doe Defendants and Defendant Erickson should be dismissed as they have not been identified or served.

Page 2 -    STATE DEFENDANTS' UNOPPOSED MOTION FOR PARTIAL SUMMARY JUDGMENT
J9S/a4s/1000732886

Department of Justice
1162 Court Street NE
Salem, OR 97301-4096
(503) 947-4700 / Fax: (503) 947-4791

## SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate when there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). The initial burden is for the moving party to point out the absence of any genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once that burden is satisfied, the burden shifts to the non-movant to demonstrate through the production of probative evidence that there remains an issue of fact to be tried. *Id.* "Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Id.* at 322. To defeat summary judgment, a non-moving party must do more "than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Electric Industrial Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). Rather, "where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial.'" *Id.* at 587. The record is reviewed in the light most favorable to the non-moving party. *United States v. Diebold, Inc.*, 369 U.S. 654 (1962).

## SUMMARY OF RELEVANT FACTS

Plaintiff first brought this suit on September 10, 2021, alleging that ODOC and numerous individual defendants violated her constitutional rights related to abuse by other AICs, housing placements, and other treatment and safety issues at the Oregon State Penitentiary ("OSP") and the Oregon State Correctional Institution ("OSCI"). (ECF No. 1). She also brought state law claims for relief. In December of 2023 she amended her complaint to include claims related to her housing and safety at Two Rivers Correctional Institution ("TRCI") and named additional defendants. (ECF No. 55). Discovery in this matter closed on October 10, 2025. (ECF No. 100).

Page 3 -     STATE DEFENDANTS' UNOPPOSED MOTION FOR PARTIAL SUMMARY JUDGMENT
J9S/a4s/1000732886

Department of Justice
1162 Court Street NE
Salem, OR 97301-4096
(503) 947-4700 / Fax: (503) 947-4791

Plaintiff is a transgender female who is currently housed at Coffee Creek Correctional Facility ("CCCF").  Plaintiff was previously housed at other facilities, including at OSCI in late 2019 when the allegations of this case begin; then at OSP until being transferred to CCCF on September 2, 2021.  She remained at CCCF for three months until December 1, 2021.  (Amd. Compl. ¶¶2, 72).  She was then housed at SRCI from December 1, 2021 through August 24, 2022; and at TRCI from August 24, 2022 through April 15, 2024. (Amd. Compl. ¶¶72, 97; State Defendants Answer and Affirmative Defenses to Plaintiff's First Amendment Complaint, ECF No. 67, ("Answer"), ¶ ¶40; 60).

## ARGUMENT

### A.  ODOC Should Be Dismissed from Plaintiff's Allegations in Counts III and IV

Plaintiff names ODOC in Count III, alleging an Eighth Amendment violation under §1983, and Count IV, alleging a First Amendment violation under §1983.  (Am. Compl. pp. 39, 41).  Such claims are properly brought against named individual defendants and not a state agency.

With regard to Section 1983, ODOC is not a "person" within the meaning of that statute. Under 42 U.S.C. § 1983, a plaintiff may bring a claim against:

> [e]very *person* who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws[.]

42 U.S.C. § 1983 (emphasis added). It is well-established that state agencies are not "persons" subject to liability under Section 1983.  *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989) (holding that "neither a State nor its officials acting in their official capacities are 'persons' under § 1983"); *Wise v. Washington State Dep't of Corr.*, 244 Fed. Appx. 106, 108 (affirming dismissal of prisoner's Section 1983 claim because the state corrections department was not a "person" under Section 1983).

Page 4 -   STATE DEFENDANTS' UNOPPOSED MOTION FOR PARTIAL SUMMARY JUDGMENT
J9S/a4s/1000732886

With regard to sovereign immunity, ODOC—as a state agency—is immune from suit in this Court. The Eleventh Amendment preserves the sovereign immunity of the states by providing the judicial power of the United States "shall not be construed to extend to any suit in law or equity, commenced or prosecuted" against a state.  U.S. Const. amend. XI. "The Eleventh Amendment bars suits against the State or its agencies for all types of relief, absent unequivocal consent by the state.  The Eleventh Amendment jurisdictional bar applies regardless of the nature of relief sought and extends to instrumentalities and agencies." *Krainski v. Nevada ex rel. Bd. Of Regents of Nevada Sys. of Higher Educ.*, 616 F.3d 963, 967 (9th Cir. 2010) (internal quotations and citations omitted); see also *McCall v. Oregon*, Case No. 3:12-cv-00465-PK, 2013 WL 6196966, at *8 (D. Or. Nov. 13, 2013) ("The State of Oregon has not waived its immunity" in Section 1983 cases).

ODOC is entitled to summary judgment on Counts III and IV.

**B. Defendants Highberger, Kelly, Reyes, and Rhoades should be dismissed for lack of personal involvement in the alleged constitutional deprivations.**

Plaintiff has not properly alleged and cannot show that Defendants Highberger, Kelly, Reyes, and Rhoades were personally involved in her case.

Plaintiff names three defendants who were working in the capacities of Superintendents during the time periods in question:  Joshua Highberger, who was the Superintendent of the Oregon State Correctional Institution ("OSCI"); Brandon Kelley, who was the Superintendent of the Oregon State Penitentiary ("OSP"); and Erin Reyes, who was the Superintendent of the Two Rivers Correctional Institution ("TRCI").  (Am. Compl. ¶¶13-15).

Plaintiff's allegations against Defendants Highberger, Kelly, and Reyes are as follows:

1. Defendants Highberger, Reyes, and Kelly "allowed discriminatory and abusive practices toward Plaintiff by staff based on Plaintiff's sex, gender, and gender identity," (Am. Compl., ¶192).

Page 5 -    STATE DEFENDANTS' UNOPPOSED MOTION FOR PARTIAL SUMMARY JUDGMENT
J9S/a4s/1000732886

2. Defendants Highberger, Kelly, and Reyes "failed to provide adequate screening and risk evaluation of Plaintiff upon her admission to Oregon State Correctional Institution, Oregon State Penitentiary, and Two Rivers Correctional Institution," (Amd. Compl. ¶213(b)).

3. Defendants Kelly and Reyes, along with institutional staff, allowed certain housing decisions to take place, (Amd. Compl. ¶213).

4. Defendant Kelly denied her mental health evaluations, treatment, access to PREA advocates, and follow-up care, (Amd. Compl. ¶222).

5. Defendant Reyes denied decontamination following a pepper-spray incident, (Amd. Compl. ¶224), and failed to address Plaintiff's concerns and engaged in disciplinary action against her in retaliation for reporting sexual assault. (Amd. Compl. ¶234, 242, 247).

Plaintiff's Count III alleges that Defendant Rhoades and other defendants denied mental health evaluations, treatment, and follow-up. (Amd. Compl. ¶222). She provides no specific allegations against Defendant Rhoades and has not alleged specific facts showing her involvement in actions or inactions against the Plaintiff related to the allegations in this case.

The stated allegations are insufficient to establish personal involvement of these Defendants under § 1983. To state a claim under § 1983, "[a] plaintiff must allege facts, not simply conclusions, that show that an individual was personally involved in the deprivation of his civil rights." *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998). Plaintiff makes conclusory statements regarding these individuals violating her constitutional rights, but she does not and cannot show that these Defendants took any specific action (or failed to take a required action) in her case.

Further, Defendants Highberger, Kelly, and Reyes cannot remain in this suit solely based on their positions as Superintendents of ODOC facilities where alleged events took place. As discussed above, Plaintiff fails to articulate facts showing the personal involvement of these

Page 6 -    STATE DEFENDANTS' UNOPPOSED MOTION FOR PARTIAL SUMMARY JUDGMENT
J9S/a4s/1000732886

individuals, and a "supervisor is only liable for constitutional violations of his subordinates if the supervisor participated in or directed the violations, or knew of the violations and failed to act to prevent them." *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). Supervisory liability may attach where a plaintiff presents evidence of the supervisor's "own culpable action or inaction in the training, supervision, or control of his subordinates; for his acquiescence in the constitutional deprivation; or for conduct that showed a reckless or callous indifference to the rights of others." *Starr v. Baca*, 652 F.3d 1202, 1208 (9th Cir. 2011) (citation omitted). Plaintiff's only specific allegation regarding the Superintendent Defendants is that that she sent a communication ("kyte") to Defendant Reyes regarding her safety and that Defendant Herron responded. (Amd. Compl. ¶142). Defendants admit that Defendant Herron responded to a communication addressed to Defendant Reyes on February 1, 2023. (Answer ¶84.) This undisputed point does not create a genuine issue of material fact in this matter.

Moreover, to the extent that plaintiff is preceding under a *respondeat superior* theory, it is well established that "[g]overnment officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of respondeat superior." *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009) (citation omitted); *Monell v. Dep't of Soc. Serv's of City of New York*, 436 U.S. 658, 691-94 (1978). And "[b]ecause vicarious liability is inapplicable to * * * § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Ashcroft*, 556 U.S. at 663 (emphasis added). To the extent Plaintiff alleges Defendant Rhoades has responsibilities towards her as a Behavioral Health Services *supervisor*, the same arguments apply.

Page 7 -    STATE DEFENDANTS' UNOPPOSED MOTION FOR PARTIAL SUMMARY
        JUDGMENT
        J9S/a4s/1000732886

Department of Justice
1162 Court Street NE
Salem, OR 97301-4096
(503) 947-4700 / Fax: (503) 947-4791

Plaintiff has the burden of alleging facts sufficient to establish that each and every defendant was personally involved in the alleged constitutional violation.  In the cases of Defendants Highberger, Kelly, Reyes, and Rhoades, she has failed to do so.  Accordingly, these defendants are entitled to summary judgment in their favor.

### C. Defendant Erickson and the Doe Defendants should be dismissed.

Plaintiff names a Defendant Correctional Officer Erickson and thirteen Doe Defendants in her Amended Complaint, but none of these individuals have been identified or served and they are not properly parties to this suit.

Plaintiff names a "female Correctional Officer at TRCI" Erickson, (Am. Compl. ¶41), but Defendants were unable to identify this individual. (Answer ¶36).  Plaintiff alleges that this individual discriminated against her (Am. Comp. ¶194, p. 34), and that she acted in a retaliatory manner.  (Amd. Compl. ¶245).  This individual has not waived service, and Defendants did not file an Answer on her behalf.

Likewise, Doe defendants are not properly parties to this suit as they have not been identified and served, and they are unrepresented as they have not been provided the opportunity to request counsel along with the other State Defendants.  Plaintiff's Amended Complaint makes allegations against Does One through Eleven, but Plaintiff has yet to name and serve (or otherwise [1]  Moreover, naming and including them at this point would be untimely.  In Oregon, the two-year statute of limitations for personal injury actions, Or. Rev. Stat §12.110(1) applies to civil rights actions under Section 1983.  *Sain v. City of Bend*, 309 F. 3d 1134, 1139(9th Cir. 2002).  The facts giving rise to this suit took place in 2019 through 2023, and this suit was filed first in 2021, then expanded with an Amended Complaint in December 2023.

---

[1] Defendants note that the case caption includes Defendant Does 1-13, but only 1-11 appear in the text of the First Amended Complaint.

Page 8 -    STATE DEFENDANTS' UNOPPOSED MOTION FOR PARTIAL SUMMARY
        JUDGMENT
        J9S/a4s/1000732886

Discovery in this matter concluded in October 2025, and Plaintiff has had ample time and opportunity to discover the identity of these defendants and include them in this matter. Defendant Erickson and Doe Defendants 1-13 should be dismissed.

DATED January 26, 2026.

Respectfully submitted,

DAN RAYFIELD
Attorney General


*s/ Kristin Winges-Yanez*
JESSICA B. SPOONER #105919
DYLAN J. HALLMAN #173679
KRISTIN WINGES-YANEZ #065520
Senior Assistant Attorneys General
Trial Attorneys
Tel (503) 947-4700
Fax (503) 947-4791
Jessica.B.Spooner@doj.oregon.gov
Dylan.Hallman@doj.oregon.gov
Kristin.Winges-Yanez@doj.oregon.gov
Of Attorneys for State Defendants

Page 9 -    STATE DEFENDANTS' UNOPPOSED MOTION FOR PARTIAL SUMMARY
        JUDGMENT
            J9S/a4s/1000732886

Department of Justice
1162 Court Street NE
Salem, OR 97301-4096
(503) 947-4700 / Fax: (503) 947-4791