DAN RAYFIELD
Attorney General
JESSICA B. SPOONER  #105919
DYLAN J. HALLMAN #173679
KRISTIN WINGES-YANEZ #065520
Senior Assistant Attorneys General
Department of Justice
1162 Court Street NE
Salem, OR 97301-4096
Telephone: (503) 947-4700
Fax: (503) 947-4791
Email: Jessica.B.Spooner@doj.oregon.gov
        Dylan.Hallman@doj.oregon.gov
        Kristin.Winges-Yanez@doj.oregon.gov

Attorneys for Defendant State of Oregon

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| ZERA LOLA ZOMBIE,<br><br>       Plaintiff,<br><br>    v.<br><br>STATE OF OREGON, et al.,<br><br>       Defendants. | Case No.  3:21-cv-01338-AA<br><br>NOTICE OF SETTLEMENT |

Pursuant to ORS 17.095, Defendant State of Oregon notifies the Court that this action has been settled.

Page 1 -    NOTICE OF SETTLEMENT
        J9S/a4s/1016304282

A copy of the Settlement Agreement and Release is attached as Exhibit 1.

DATED April 20, 2026.

Respectfully submitted,

DAN RAYFIELD
Attorney General


*s/ Jessica B. Spooner*
JESSICA B. SPOONER #105919
DYLAN J. HALLMAN #173679
KRISTIN WINGES-YANEZ #065520
Senior Assistant Attorneys General
Trial Attorneys
Tel (503) 947-4700
Fax (503) 947-4791
Jessica.B.Spooner@doj.oregon.gov
Dylan.Hallman@doj.oregon.gov
Kristin.Winges-Yanez@doj.oregon.gov
Of Attorneys for Defendant State of Oregon

Page 2 -    NOTICE OF SETTLEMENT
J9S/a4s/1016304282

## SETTLEMENT AGREEMENT AND RELEASE OF CLAIMS

This action is currently pending in U.S. District Court Case Number 3:21-cv-01338-AA ("Action"). The parties to this Action are Plaintiff Zera Lola Zombie, represented by her attorneys John Burgess and Katharine Edwards, and Defendant State of Oregon, represented by attorneys Dylan Hallman, Jessica Spooner, and Kristin Winges-Yanez ("Parties"). The individually named defendants were dismissed and the State of Oregon substituted in via stipulated motion. The Parties have agreed to settle this Action for the consideration set forth in this Settlement Agreement and Release of Claims ("Agreement").

The terms of this Agreement are as follows:

**Settlement Payment:** As consideration for Plaintiff's Release of Claims, and on behalf of the Released Parties described below, the State of Oregon, by and through the Oregon Department of Administrative Services/Risk Management ("Risk Management"), shall pay Plaintiff the sum of Ninety-Five Thousand Dollars ($95,000.00) in damages and the sum of Two Hundred Thousand Dollars ($200,000.00) in attorneys' fees and costs for a total of Two Hundred and Ninety-Five Thousand Dollars ($295,000.00) ("settlement payment") in one check made payable to: Post Burgess LLC Client Trust Account. An IRS Form 1099 will be issued for the 2026 calendar year. The effective date of this Agreement is April 6, 2026. Settlement payment will be made within thirty (30) days of the fully executed settlement agreement.

**Plaintiff's Release of Claims:** In consideration for the above settlement payment, Plaintiff, individually and on behalf of any heirs, executors, administrators, successors, agents, and assigns agrees to release, acquit, and forever discharge Defendant and all those in interest with it, including the State of Oregon and all of its political subdivisions, agencies, departments, administrators, officers, current and former employees, agents, attorneys, and insurers (collectively "Released Parties"), from any and all claims, demands, or causes of action, whether

Page 1 - SETTLEMENT AGREEMENT AND RELEASE OF CLAIMS

993839152/J9S/bm6

known or unknown, under any legal, equitable, or other theory, that were or could have been raised in this Action.

The release, acquittal, and discharge described above ("Release") includes any claims against the Released Parties - including the Oregon Department of Justice and Risk Management - arising from the negotiation or execution of this Agreement. This Release also includes any damages (including past and future medical and mental health expenses, lost wages, impairment of earnings, emotional distress, pain and suffering, punitive damages, and any other compensatory, economic, noneconomic, nominal, or other forms of damage) and equitable relief (including injunctions or declaratory judgments), whether known or unknown, or which may develop after the effective date of this Agreement, and including any and all expenses (attorney fees, costs, and disbursements).

**Newly-Discovered Evidence:** The Parties agree that if, after the Effective Date of this Agreement, they discover evidence different from or in addition to the evidence which they now know of or possess, this Agreement remains in full force and effect.

**Each Party is Responsible for Own Attorney Fees and Costs:** The Parties acknowledge and agree that they are solely responsible for paying any attorney fees and costs they incurred and that neither the Parties nor their attorneys will seek any award of attorney fees or costs from the other Party.

**Plaintiff is Responsible for all Subrogation and Liens:** Plaintiff acknowledges that all subrogation and lien claims arising out of contract or under state or federal law-including, but not limited to, subrogation or lien claims of or related to health care providers, insurance carriers (including personal injury protection or "PIP"), workers' compensation carriers, attorneys, and any federal or state agency or programs such as Medicare, Medicaid, or Social Security-are the sole and separate obligation of plaintiff which Plaintiff agrees to pay or otherwise resolve. Plaintiff will defend, indemnify and hold harmless the Released Parties from and against all such liens and subrogation claims brought against the Released Parties.

Page 2 - SETTLEMENT AGREEMENT AND RELEASE OF CLAIMS

993839152/J9S/bm6

**Medicare Disclaimer and Waiver:** By signing below, Plaintiff declares under penalty of perjury that: (1) Plaintiff is not currently entitled to Medicare; and (2) none of the treatment received for the injury or injuries claimed in this Action (or related to the incident giving rise to this Action) or released in this Agreement were submitted to or paid for by Medicare. Plaintiff waives, releases, and forever discharges Released Parties from any obligations for any claim or future claim, known or unknown, arising out of the failure of Released Parties to provide for a primary payment or appropriate reimbursement to Medicare pursuant to 42 U.S.C. § 1395y(b)(3)(A), and Plaintiff shall defend, indemnify and hold harmless the Released Parties for any claims arising out of arising out of 42 U.S.C. § 1395y(b). Plaintiff further understands this settlement may impact, limit or preclude Plaintiff's right or ability to receive future Medicare benefits arising out of the injuries alleged in this lawsuit.

**No Tax Representations:** No party warrants or represents how the United States Internal Revenue Service ("IRS"), the Oregon Department of Revenue, or other governmental authority will treat the settlement payment for tax purposes, and agree that no further payment of money from Released Parties will be due in the event that the payments or the release of the claims embodied in this Agreement or any portion thereof is found by the IRS, the Oregon Department of Revenue, or other governmental authority to be, or result in, taxable income to any party. **The Released Parties, as part of their reporting requirements, may have to communicate with the IRS, including submitting IRS form 1099. The Released Parties reserve the right to respond to inquiries by said authorities and to make any additional disclosures requested by the governmental authority or as required by law. Plaintiff is solely responsible for the tax consequences of settlement payment, and Plaintiff agrees not to hold the Released Parties responsible for taxes due.**

**Entire Agreement:** This Agreement contains and constitutes the entire agreement and understanding of the Parties, notwithstanding any and all prior negotiations, discussions, undertakings or agreements made in arriving at this Agreement. There are no representations,

Page 3 - SETTLEMENT AGREEMENT AND RELEASE OF CLAIMS

993839152/J9S/bm6

agreements, or inducements between the Parties except as set forth expressly and specifically in this Agreement. Any benefits provided to or accommodations reached with the Parties during the negotiation of this Agreement that are not described in this Agreement were made solely in the discretion of the Parties and are not part of the consideration for or the terms of this Agreement.

**No Admission of Fault or Future Precedent:** The Parties agree that this Agreement is not to be construed as an admission or proof of any liability or fault whatsoever on the part of the Released Parties. This Agreement does not establish a precedent in the settlement of any current or future grievance, claim of unfair labor practice, or other dispute among the Parties, and shall not be admissible as evidence in any future arbitration, administrative or court proceeding except in a proceeding brought to enforce the terms of this Agreement. In the event Plaintiff pursues a claim waived or released pursuant to this Agreement, the Released Parties may plead this Agreement as an absolute defense.

**No Waiver:** The failure by any of the Parties to enforce at any time, or for any period of time, any one or more of the terms or conditions of this Agreement or a course of dealing between the Parties, shall not be a waiver of such terms or conditions or of such Party's right to enforce each and every term and condition of this Agreement.

**Invalidity:** This Agreement does not waive any right that may not legally be waived. If any provision contained in this Agreement shall for any reason be held to be invalid, illegal, void, or unenforceable in any respect, such provision shall be deemed modified so as to constitute a provision conforming as nearly as possible to such invalid, illegal, void, or unenforceable provision while still remaining valid and enforceable, and the remaining terms or provisions of this Agreement shall not be affected.

**Binding Agreement and Ownership of Claims:** This Agreement shall be binding upon the Parties, and their heirs, representatives, executors, administrators, successors in interest, insurers and assigns. The Parties acknowledge that they have not transferred or assigned, or

Page 4 - SETTLEMENT AGREEMENT AND RELEASE OF CLAIMS

993839152/J9S/bm6

purported to transfer or assign, to any person or entity, any claim, or any portion of interest of any claim, that was or could have been raised in this Action.

**Acknowledgment of the Terms of the Agreement:** By the signatures below, the Parties acknowledge that they have read and know the contents of this Agreement, that they fully understand the Agreement's terms, and that they enter the Agreement voluntarily for the purpose of making a full compromise and settlement. Each of the Parties further represents it has consulted or has had the opportunity to consult with legal counsel of its choice concerning the legal effect of this Agreement before signing it, and that each party executes this Agreement voluntarily. Further, the persons executing and delivering the Agreement represent and warrant that they are fully authorized to do so, and that the execution of delivery of the Agreement is lawful and voluntary.

**Judgment of Dismissal with Prejudice:** The Parties agree to a dismissal of the pending Action with prejudice, without costs or fees to either party. Counsel for Defendant shall file a Notice of Settlement with a copy of this Agreement attached pursuant to ORS 17.095. The Parties agree to execute these documents and any further documents and take any further actions, as may be reasonable and necessary, in order to carry out the purpose and intent of this Agreement.

**Waiver of Rule of Construction Against Drafter:** This Agreement was jointly drafted and approved by all Parties to this Agreement. Any rule that would otherwise require any ambiguities in this Agreement to be interpreted against the drafter(s) is hereby expressly waived.

**Cost of Care:** The Oregon Department of Corrections ("ODOC") agrees to exclude the proceeds of any settlement payments when making any cost-of-care determination under ORS 179.620 and Chapter 291, Division 203 of Oregon Administrative Rules, OAR 291-203-0010, et seq., including during a determination of Plaintiff's assets or ability to pay cost of care. ODOC further agrees to not collect cost of care from any settlement proceeds. This provision should in

Page 5 - SETTLEMENT AGREEMENT AND RELEASE OF CLAIMS

993839152/J9S/bm6

no way be construed as any admission or finding of liability by agreement or adjudication. On the contrary, the State expressly denies liability of any type.

**Counterparts:** This Agreement may be executed in counterparts, including counterparts received by facsimile or electronic transmission, with each counterpart constituting an original. The executing Parties agree that a photocopy or other signed copy of this Agreement is as effective as the original.

**IT IS SO AGREED TO BY THE PARTIES:**

_____     DATED this _____ day of April, 2026.
**ZERA LOLA ZOMBIE**
Plaintiff

Subscribed and sworn to before me this _____ day of April, 2026, in the State of Oregon, County of _____.

_____
Notary Public for Oregon
My commission expires:_____

_____     DATED this 16th day of April, 2026.
**RYAN DWYER**
Interim Inspector General
Oregon Department of Corrections

**APPROVED AS TO FORM:**

_____     DATED this _____ day of April, 2026.
**JOHN BURGESS**, OSB #106498
**KATHARINE EDWARDS**, OSB #173393
Attorneys for Plaintiff

_____     DATED this _____ day of April, 2026.
**DYLAN HALLMAN**, OSB #173679
**JESSICA SPOONER**, OSB #105919
**KRISTIN WINGES-YANEZ**, OSB #065520
Attorneys for Defendant State of Oregon

Page 6 - SETTLEMENT AGREEMENT AND RELEASE OF CLAIMS

993839152/J9S/bm6

no way be construed as any admission or finding of liability by agreement or adjudication. On the contrary, the State expressly denies liability of any type.

**Counterparts:** This Agreement may be executed in counterparts, including counterparts received by facsimile or electronic transmission, with each counterpart constituting an original. The executing Parties agree that a photocopy or other signed copy of this Agreement is as effective as the original.

**IT IS SO AGREED TO BY THE PARTIES:**



DATED this _17_ day of April, 2026.

**ZERA LOLA ZOMBIE**
Plaintiff

Subscribed and sworn to before me this ___17ᵗʰ___ day of April, 2026, in the State of Oregon, County of Washington.

> OFFICIAL STAMP
> **ALAYNA FRENTRESS**
> NOTARY PUBLIC-OREGON
> COMMISSION NO. 1052585
> MY COMMISSION EXPIRES OCTOBER 08, 2028

_____
Notary Public for Oregon
My commission expires: 10 - 08 - 2028

DATED this _____ day of April, 2026.

_____
**RYAN DWYER**
Interim Inspector General
Oregon Department of Corrections

**APPROVED AS TO FORM:**

/s/ John Burgess                     DATED this 16th day of April, 2026.
_____
**JOHN BURGESS**, OSB #106498
**KATHARINE EDWARDS**, OSB #173393
Attorneys for Plaintiff

s/ Jessica Spooner                   DATED this 20th day of April, 2026.
_____
**DYLAN HALLMAN**, OSB #173679
**JESSICA SPOONER**, OSB #105919
**KRISTIN WINGES-YANEZ**, OSB #065520
Attorneys for Defendant State of Oregon

Page 6 - SETTLEMENT AGREEMENT AND RELEASE OF CLAIMS

993839152/J9S/bm6